JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
BENJAMIN GORDON

**DEFENDANTS**
AVAYA, INC.

**(b)** County of Residence of First Listed Plaintiff   Chester

County of Residence of First Listed Defendant   Santa Clara

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Lane J. Schiff, Esquire
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102   215-545-7676

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                            and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1  Original
      Proceeding
☐ 2  Removed from
      State Court
☐ 3  Remanded from
      Appellate Court
☐ 4  Reinstated or
      Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict
      Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 621 et seq. ("ADEA"), 43 P.S. § 951 et seq. ("PHRA"), and 43 P.S. 206.1, et seq. ("PaWPCL").
Brief description of cause:
Plaintiff is alleging unlawful discrimination and retaliation.

**VII. REQUESTED IN**
**COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23
DEMAND $
in excess of   150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S)**
(See instructions):
JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE
May 31, 2016

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT                    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Malvern, PA 19355**

Address of Defendant: **4655 Great America Parkway, Santa Clara, CA 95054**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐    No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, **Lane J. Schiff, Esquire** _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **May 31, 2016**    _____    314179
                            Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **May 31, 2016**    _____    314179
                        Lane J. Schiff, Esquire

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**CONSENT TO RECEIVE NOTICE OF ORDERS AND JUDGMENTS IN CIVIL AND
CRIMINAL CASES BY MEANS OF FACSIMILE TRANSMISSION
AND WAIVER OF PROVISIONS OF FED.R.CIV.P. 77(d) OR FED.R. CRIM.P. 49(c)
PROVIDING FOR SAID NOTICE BY MEANS OF MAIL**

**TO THE CLERK OF COURT:**

I hereby waive the provisions of Fed.R.Civ.P. 77(d) or Fed.R.Crim.P. 49(c)

providing for notice of the entry of Orders or Judgments by mail in the manner provided by

Fed.R.Civ.P. 5 or Fed.R.Crim.P. 49(c), and consent that notice may be given to me, in all pending

and future civil or criminal cases in which I enter my appearance, by the Clerk of Court by

facsimile in lieu of notice by means of mail. I understand that this form, when executed, will serve

as Notice to and Authorization for the Clerk of Court to keep this information on file for all

pending and future civil or criminal cases in which I enter my appearance.

I hereby confirm, by execution of this form, that I understand that it is my

responsibility to notify the Clerk of Court, in writing, of my current address and facsimile number.


**Lane J. Schiff, Esquire**
Name (Printed)
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19012
Address (Printed)


Address (Printed)


Signature

314179
Bar Id Number


(215) 545-7676
Telephone Number


(215) 405-2964
FAX Number


May 31, 2016
Date

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **BENJAMIN GORDON** | : | CIVIL ACTION |
| y                    Plaintiff, | : | |
| **AVAYA INC.** | : | |
| Defendant. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| **May 31, 2016** | | **Lane J. Schiff, Attorney for Benjamin Gordon** |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-7676 | (215) 405-2964 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENJAMIN GORDON**<br>**MALVERN, PA 19355** | : <br> : <br> : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : <br> : | |
| **v.** | : <br> : | |
| **AVAYA INC.**<br>**4655 GREAT AMERICA PARKWAY**<br>**SANTA CLARA, CA 95054** | : <br> : <br> : <br> : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : <br> : | |

<u>**CIVIL ACTION COMPLAINT**</u>

## I.    <u>INTRODUCTION</u>

Plaintiff Benjamin Gordon ("Plaintiff") brings this action against his former employer, Avaya, Inc. ("Defendant"), for unlawful discrimination and retaliation in violation of the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 621 <u>et seq</u>. ("ADEA"), the Pennsylvania Human Relations Act, 43 P.S. § 951 <u>et seq.</u> ("PHRA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. 206.1, *et seq.* ("PaWPCL"). Plaintiff seeks damages, including back-pay, front-pay, wages earned and owed, compensatory, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

II.    **PARTIES**

1.      Plaintiff is an individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Malvern, Pennsylvania.

2.      Plaintiff's date of birth is July 22, 1950.

3.      Plaintiff was sixty-four (64) years of age at the time Defendants terminated his employment and failed to hire him for numerous positions for which he was qualified.

4.      At all times material hereto, Plaintiff worked out of Defendant's office located at 161 Washington Street, Suite 900, Conshohocken, PA 19428.

5.      Defendant Avaya Inc. is a corporation maintaining a principal place of business at 4655 Great America Parkway, Santa Clara, California 95054.

6.      At all times material hereto, Defendant employed more than twenty (20) employees.

7.      At all times material hereto, Defendant acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.      At all times material hereto, Defendants were employers within the meanings of the ADEA, PHRA, and PaWPCL.

9.      At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, PHRA, and PaWPCL.

### III.   **JURISDICTION AND VENUE**

10.     The causes of action that form the basis of this matter arise under the ADEA, PHRA, and PaWPCL.

11.     The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. § 1331.

12.     The District Court has jurisdiction over Count II (PHRA) and Count III (PaWPCL) pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in the District Court pursuant to 28 U.S.C. § 1391(b).

14.     On or about April 10, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Charge").  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

15.     On or about June 19, 2015, Plaintiff filed a Second Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination and retaliation alleged herein ("Charge"). Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

16.     On or about March 3, 2016, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto, incorporated herein, and marked as Exhibit "C" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

3

17.    Plaintiff is filing this complaint within ninety (90) days from his receipt of this notice.

18.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    **FACTUAL ALLEGATIONS**

19.    Plaintiff was employed by Defendant from April 1, 1998 through March 16, 2015.

20.    At the time of Plaintiff's termination of employment, he held the position Global Accounts Manager III.

21.    Plaintiff consistently performed his job duties in an exemplary manner.

22.    To Plaintiff's knowledge, he was amongst Defendant's top performing Global Accounts Manager for the fiscal year 2014.

23.    Plaintiff additionally received a performance rating of "High Relative Contribution" for the fiscal year 2014.

24.    Furthermore, during the first five (5) months of Defendant's Fiscal Year 2015, Plaintiff had already achieved 102% of his target goals for the complete Fiscal Year 2015.

25.    Plaintiff reported to Don Judd (approximate age 60), Regional Sales Leader, from April 2014 until on or about January 27, 2015.

26.    On or about January 27, 2015, Defendant terminated the employment of Mr. Judd.

27.    Defendant replaced Mr. Judd with Nick DiSaverio (approximate age 46), Regional Sales Leader, Global Enterprise Theater.

28.     Plaintiff thereafter began reporting directly to Mr. DiSaverio.

29.     On or about March 3, 2015, Defendant informed Plaintiff that his employment was "at risk" of being terminated.  Defendant further informed Plaintiff that his employment would be terminated on March 16, 2015 if he did not secure another position with Defendant.

30.     On or about March 4, 2015, Plaintiff was provided with an OWBPA notice.

31.     The OWBPA notice provided to Plaintiff only identified employees who were "at risk" of being terminated.

32.     The OWBPA notice did not identify those employees who were actually terminated.

33.     Defendant failed to comply with the OWBPA requirements in presenting releases to the laid-off workers age forty (40) or over, including Plaintiff.

34.     Defendant misled older workers, including Plaintiff, in an attempt to prevent them from bringing age discrimination claims against Defendant.

35.     On March 16, 2015, Defendant terminated Plaintiff's employment. Defendant advised Plaintiff that it was part of "an involuntary force management action."

36.     At the time of Plaintiff's termination of employment, fifteen (15) employees, including Plaintiff, held the position of Global Account Manager III.

37.     Plaintiff was the oldest of fifteen (15) Global Account Manager III employees.

38.     Defendant additionally employed seventeen (17) individuals in the position of Global Account Manager II. The Global Account Manager II positions shares similar responsibilities and duties to the Global Account Manager III position.

39.     Plaintiff was older than each employee holding the position of Global Account Manager II.

40.     Plaintiff was the oldest of the thirty-two (32) Global Account Managers employed by Defendant.

41.     Plaintiff was the only Global Account Manager whose employment was terminated as part of the involuntary force management action.

42.      Defendant did not terminate the employment of less qualified and substantially younger Global Account Managers, including but not limited to, Dave Cotter, Don Mardjonovic, Julie Hughes, Ed Malec, Kiesha Wells, and Jonathan Montero.

43.     Defendant replaced Plaintiff with two (2) substantially younger and less qualified individuals, Sandra Bologna, Client Executive, and Mr. Warshaw, Global Account Manager.

44.     Defendant informed Plaintiff that he was selected for termination due to a forced ranking against other Global Account Managers.

45.     Plaintiff's age was a motivating and/or determinative factor in Defendant's decision to terminate his employment.

46.     As further evidence of Defendants' discriminatory animus, at or around the time that Defendant terminated Plaintiff's employment, Defendant failed to hire Plaintiff for numerous positions for which he was qualified.

47.     On or about March 10, 2015, Plaintiff applied for three separate Named Account Manager IV positions.

48.     Plaintiff was qualified for each position.

49.    Defendant did not offer Plaintiff any of the named Named Account Manager IV positions.

50.    Plaintiff's age was a motivating and/or determinative factor in Defendant's decision not to hire Plaintiff for the named Account Manager IV positions.

51.    On or about March 10, 2015, Plaintiff applied for a Global Account Manager II position.

52.    Plaintiff was qualified for this position.

53.    Defendant did not offer him the Global Account Manager II position.

54.    Plaintiff's age was a motivating and/or determinative factor in Defendant's decision not to hire Plaintiff for the Global Account Manager II position.

55.    On or about March 10, 2015, Plaintiff applied for a Global Account Manager III position.

56.    Plaintiff was qualified for this position.

57.    Defendant did not offer him the Global Account Manager III position.

58.    Plaintiff's age was a motivating and/or determinative factor in Defendant's decision not to hire Plaintiff for the Global Account Manager III position.

59.    On or about March 11, 2015, Plaintiff applied for a Global Account Manager III position.

60.    Plaintiff was qualified for this position.

61.    Defendant did not offer him the Global Account Manager III position.

62.    Plaintiff's age was a motivating and/or determinative factor in Defendant's decision not to hire him for the Global Account Manager III position.

63.    On or about March 12, 2015, Plaintiff applied for a Commercial Selected

Named Account Manager III position.

64.    Plaintiff was qualified for the Commercial Selected Named Account Manager III position.

65.    On or about April 10, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

66.    A copy of the Charge of Discrimination was sent to Defendant on or about April 10, 2015.

67.    On or about April 29, 2015, Defendant informed Plaintiff that he was not selected for the Commercial Selected Named Account Manager III position.

68.    Plaintiff's age was a motivating and/or determinative factor in Defendant's decision not to hire him for the Commercial Selected Named Account Manager III position.

69.    Plaintiff's complaining of discrimination was a motivating and/or determinative factor in Defendant's decision not to hire him for the Commercial Selected Named Account Manager III position.

70.    On or about April 15, 2015, Plaintiff applied for two (2) open Named Account Manager III positions.

71.    Plaintiff was qualified for both positions.

72.    Defendant did not offer Plaintiff either Named Account Manager III position.

73.    Plaintiff's age was a motivating and/or determinative factor in Defendant's decision not to hire him for either Named Account Manager III position.

74.    Plaintiff's filing of a Charge of Discrimination was a motivating and/or

determinative factor in Defendant's decision not to hire him for either Named Account Manager III position.

75.    On or about April 15, 2015, Plaintiff applied for a Named Account Manager IV position.

76.    Plaintiff was qualified for the position.

77.    On or about April 20, 2015, Defendant informed Plaintiff that he was not selected for the position.

78.    Plaintiff's age was a motivating and/or determinative factor in Defendant's decision not to hire him for the Named Account Manager IV position.

79.    Plaintiff's filing of a Charge of Discrimination was a motivating and/or determinative factor in Defendant's decision not to hire him for the Named Account Manager IV position.

80.    At the time of his termination, Mr. Gordon was owed approximately $6,000 in commission for sales made prior to his termination of employment.

81.    On or about April 30, 2015, Defendant paid Plaintiff a commission of $665.33, instead of approximately $6,000 that was actually owed to Plaintiff.

82.    Plaintiff's filing of a Charge of Discrimination was a motivating and/or determinative factor in Defendant's decision not to compensate Plaintiff for commissions owed to him.

83.    As a direct and proximate result of Defendant's behavior, Plaintiff has sustained in the past and will sustain in the future a loss of earning, emotional upset, and pain and suffering.

84.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

85.    Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

86.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADEA.

87.    Defendant's violations of the ADEA were intentional and willful, warranting the imposition of liquidated damages.

88.    As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein.

89.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

90.    No previous application has been made for the relief requested herein.

## COUNT II – PHRA

91.    Plaintiff incorporates herein by reference of the paragraphs above, as if set forth herein in their entirety.

92.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

93.    As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

94.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

95.    No previous application has been made for the relief requested herein.

### COUNT III – PaWPCL

96.    Plaintiff incorporates by reference the paragraphs above as though set forth herein in their entirety.

97.    Defendant violated the PaWPCL because Plaintiff did not receive wages earned and owed to him.

98.    Plaintiff is entitled to recover liquidated damages against Plaintiff in an amount equal to twenty-five percent (25%) of the sums owed to him.

99.    Plaintiff is entitled to recover costs and reasonable attorneys' fees incurred in litigating this action.

100.   No previous application has been made for the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff:

a.    declaring the acts and practices complained of herein to be a violation of the ADEA;

b.    declaring the acts and practices complained of herein to be a violation of PHRA;

c.    declaring the acts and practices complained of herein to be in violation of the PaWPCL;

d.    enjoining and restraining permanently the violations alleged herein;

e.    awarding Plaintiff wages earned and owed to him;

f.    awarding Plaintiff back-pay;

g.    awarding Plaintiff front-pay;

h.    awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

i.    awarding liquidated damages to Plaintiff pursuant to the ADEA;

j.    awarding liquidated damages to Plaintiff pursuant to the PaWPCL;

k.    awarding Plaintiff the costs of this action and interest;

l.    awarding Plaintiff reasonable attorneys' fees;

m.    awarding Plaintiff such other damages as are appropriate under the ADEA PHRA, and PaWPCL; and

n.    granting such other and further relief as this Court deems appropriate.


                                        CONSOLE LAW OFFICES LLC


Date:  May 31, 2016            By: _____
                                        STEPHEN G. CONSOLE
                                        LANE J. SCHIFF
                                        1525 Locust St., 9th Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676
                                        (215) 545-8211 (facsimile)


                                        Attorneys for Plaintiff,
                                        Benjamin Gordon

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY FEPA | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | x  EEOC | 530-2015-02640 |

| STATE OR LOCAL AGENCY: PHRC | | |

| NAME (Indicate **Mr.**, Ms., Mrs.)  **Benjamin Gordon** | HOME TELEPHONE NUMBER *(Include Area Code)*  (610) 644-9669 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP  Malvern, PA 19355 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME  **Avaya Inc.** | NUMBER OF EMPLOYEES  20+ | TELEPHONE (Include Area Code) |
|---|---|---|

| | STREET ADDRESS | CITY, STATE AND ZIP | COUNTY |
|---|---|---|---|
| Corporate Headquarters: | 4655 Great America Parkway | Santa Clara, CA 95054 | Chester |
| Charging party's work location: | 161 Washington Street, Suite 990 | Conshohocken, PA 19428 | |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*  Race   Color   Sex   Religion   National Origin  Retaliation   **xx** **Age**   Disability   Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE  Earliest        Latest  3/16/15  Continuing | RECEIVED 5 APR 15 AM 11:36 |
|---|---|---|

THE PARTICULARS ARE:

A.   1. I was employed by Respondent from on or about April 1, 1998 until on or about March 16, 2015, the date of my unlawful termination of employment. At the time of my termination of employment, I held the position of Global Accounts Manager III. I reported directly to Nick DiSaverio (age 46), Regional Sales Leader, Global Enterprise Theater. Mr. DiSaverio reported to Brian Morgan (age 45), Vice President Global Enterprise and Government Theater. Mr. Morgan reported to Pierre-Paul Allard (age 54), Senior Vice President Worldwide Sales and Vice President Global Field Operations.

Throughout the course of my employment with Respondent, I performed my job duties in an excellent manner. By way of example, to my knowledge, I was amongst Respondent's top performing Global Accounts Managers for the fiscal year 2014 and received an overall performance rating of "High Relative Contribution".

2. Respondent has discriminated against me based on my age (64), including, but not limited to, terminating my employment and failing to hire me. Evidence of discriminatory conduct and bias includes, but is not limited to, the following:

*ages herein are approximate.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)  I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|

I declare under penalty or perjury that the foregoing is true and correct.

| x   4/08/15   *[signature]* | SIGNATURE OF COMPLAINANT  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  (Day Month, and year) |
|---|---|
| Date:                  Charging Party *(Signature)* | |

**EEOC Charge of Discrimination**
**Page 2 of 3**

a)    On or about March 3, 2015, Respondent informed me that if I did not secure another position with Respondent by March 16, 2015, my employment was going to be terminated allegedly as part of an involuntary force management action.

b)    On March 10, 2015, I applied for a Global Account Manager III position. Respondent did not offer me this position and failed to articulate a reason for their decision.

c)    On March 10, 2015, I applied for three (3) separate Named Account Manager IV positions. Respondent did not offer me these positions and failed to articulate a reason for their decisions.

d)    On March 10, 2015, I applied for a Global Account Manager II position. Respondent did not offer me this position and failed to articulate a reason for their decision.

e)    On March 11, 2015, I applied for a different Global Account Manager III position. Respondent did not offer me the position, allegedly because my "education, skills and experience" did not "closely fit the needs of" the position.

f)    In addition to these formal applications, I inquired about the availability of another Named Account Manager IV position on or about March 3, 2015. Respondent informed me that they would get back to me with more information but never subsequently responded.

g)    On March 16, 2015, Respondent terminated my employment, allegedly as part of an involuntary force management action.

h)    Prior to my termination of employment, fifteen (15) employees, including myself, held the position of Global Account Manager III. I was the oldest of fifteen (15) employees.

i)    Respondent additionally employed seventeen (17) individuals in the position of Global Account Manager II, which shares similar responsibilities and duties to that of a Global Account Manager III. I am older than each Global Account Manager II.

j)    Therefore, I was the oldest of the thirty-two (32) Global Account Managers employed by Respondent. I am the only Global Account Manager whose employment was terminated as part of the involuntary force management action.

k)    Respondent informed me that I was selected for termination due to a forced ranking against other Global Account Managers.

l)    However, to my knowledge, I was amongst Respondent's top performing Global Accounts Manager for the fiscal year 2014 and received a performance rating of "High Relative Contribution". Furthermore, during the first five (5) months of Respondent's Fiscal Year 2015, I had already achieved 102% of my target goals for the complete Fiscal Year 2015.

m)    Furthermore, as articulated above, Respondent had at least three (3) open Global Account Manager positions available at or around the time of my termination of employment.

o)    Respondent did not terminate the employment of similarly situated, less qualified, substantially younger Global Account Managers, including but not limited to, Adam Warshaw, Dave Cotter, Don Mardjonovic, Julie Hughes, Ed Malec, Kiesha Wells, and Jonathan Montero.

p)    Respondent replaced me with two (2) substantially younger, less qualified individuals, Sandra Bologna, Client Executive, and Mr. Warshaw, Global Account Manager.

**EEOC Charge of Discrimination**
**Page 3 of 3**

B.  Respondent's Stated Reasons

     1.   Respondent's alleged explanation for terminating my employment that it was part of a involuntary force management action is pretext for discrimination.

     2.   Respondent did not articulate a reason for their decision not to offer me a Global Account Manager III position on March 10, 2015.

     3.   Respondent did not articulate a reason for their decision not to offer me the any of the three (3) Named Account Manager IV positions that I applied to on March 10, 2015.

     4.   Respondent did not articulate a reason for their decision not to offer me the Global Account Manager II position on March 10, 2015.

     5.   Respondent's articulated reason for their failure to offer me the position of Global Account Manager III position on March 11, 2015 is pretext for discrimination.

     6.   Respondent did not articulate a reason for their decision not to offer me the Named Account Manager IV position on or about March 3, 2015.

C.    I believe that Respondent has discriminated against me based on my age (64), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, et seq. ("ADEA") and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.* ("PHRA"), as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Benjamin Gordon v. Avaya Inc.**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

__X__ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X _____
Signature and Date

_____ I do not want my charge dual filed with PHRC

_____
Signature and Date

# EXHIBIT B

| SECOND CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | FEPA<br>x  EEOC | 530-2015-03319 |
| STATE OR LOCAL AGENCY: PHRC | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>**Benjamin Gordon** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>(610) 644-9669 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Malvern, PA 19355 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Avaya Inc. | NUMBER OF EMPLOYEES<br>20+ | TELEPHONE (Include Area Code) |
|---|---|---|

| | STREET ADDRESS | CITY, STATE AND ZIP | COUNTY |
|---|---|---|---|
| Corporate Headquarters:<br>Charging party's work location: | 4655 Great America Parkway<br>161 Washington Street, Suite 990 | Santa Clara, CA 95054<br>Conshohocken, PA 19428 | Chester |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| Race   Color   Sex   Religion   National Origin<br>**xx Retaliation**   **xx Age**   Disability   Other *(Specify)* | Earliest                     Latest<br>4/30/15 |

RECEIVED JUN 19 PM 3: 52 EEOC PHILADELPHIA DISTRICT OFFICE

THE PARTICULARS ARE:

A.    1.  I was employed by Respondent from on or about April 1, 1998 until on or about March 16, 2015, the date of my unlawful termination of employment.  On April 10, 2015, I filed a Charge of Discrimination complaining that Respondent had discriminated against me based on my age.  A copy of the Charge of Discrimination was sent to Respondent on the same day that it was filed.

2.  Respondent has subjected me to further unlawful discrimination and retaliation as a result of my Charge of Discrimination. Evidence of Respondent's unlawful conduct includes, but is not limited to, the following:

a)  On or about March 12, 2015, I applied for a Commercial Selected Named Account Manager III position. On or about April 29, 2015, Respondent informed me that I was not selected for the position.  Respondent articulated that they had decided to go in a different direction and that they were not seeking a candidate with as much experience as me.

| X I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| x  6/1/15    *(signature)*<br>Date:         Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

## EEOC Charge of Discrimination
## Page 2 of 2

    b)  On or about April 15, 2015, I applied for two (2) open Named Account Manager III positions.  Respondent did not offer me either position and failed to articulate a reason for their decision.

    c)  On or about April 15, 2015, I applied for a Named Account Manager IV position.  On or about April 20, 2015, Respondent informed me that I was not selected for the position and that Respondent had "decided to pursue other candidates whose particular combination education, skills and experience more closely fit the needs of this position."

    d)  Furthermore, on or about April 21, 2015, Respondent stated that I would be paid a commission of $665.33 for sales made prior to my termination of employment, instead of approximately $6,000 that was actually owed to me for those sales.

    e)  Respondent articulated that I would not receive the full commission owed to me because "a relatively new policy in place" required Respondent to withhold commissions until the payments for underlying sales have been recognized by Respondent.

    f)  To my knowledge, no such policy was in place during my employment with Respondent.

    g)  On or about April 27, 2015, I inquired as to whether Respondent would compensate me for all commissions owed to me upon Respondent's recognition of the revenue.  Respondent failed to respond to my inquiry.

    h)  On or about April 30, 2015, Respondent paid me $665.33 for sales made prior to my termination of employment, instead of the approximately $6,000 actually owed to me for those sales.

B.  Respondent's Stated Reasons

    1.  Respondent's articulated reason for their decision not to offer me the Commercial Selected Named Account Manager III position is pretext for discrimination and retaliation.

    2.  Respondent did not articulate a reason for their decision not to offer me either of the Named Account Manager III positions to which I applied.

    3.  Respondent's articulated reason for their decision not to offer me the Named Account Manager IV position is pretext for discrimination and retaliation.

    4.  Respondent's articulated reason for their decision not to pay me the full commissions owed to me is pretext for retaliation.

C.  I believe that Respondent has discriminated against me based on my age (64) and in retaliation for my complaints of unlawful discrimination in the workplace, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, et seq. ("ADEA") and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.* ("PHRA"), as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Benjamin Gordon v. Avaya Inc.**

EEOC No. ___530 - 2015 - 03319___

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

__X____ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X _____   6/17/15
        Signature and Date

____ I do not want my charge dual filed with PHRC

_____
        Signature and Date

# EXHIBIT C

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Benjamin Gordon | From: | Philadelphia District Office |
|---|---|---|---|
| | ▆▆▆▆▆▆▆▆▆ | | 801 Market Street |
| | Malvern, PA 19355 | | Suite 1300 |
| | | | Philadelphia, PA 19107 |

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2015-02640 | Legal Unit, Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

3/3/16
(Date Mailed)

Enclosures(s)

cc:
Kevin Kennedy
President
AVAYA
4655 Great America Parkway
Santa Clara, CA 95054

Stephen G. Console
CONSOLE LAW OFFICE
1525 Locust Street
9th Floor
Philadelphia, PA 19102